**E-FILED**
Monday, 18 July, 2011  10:39:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JODI CAMPBELL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>RAP TRUCKING, INC., a Massachusetts )<br>corporation, and RANDY H. GROSS, )<br>)<br>Defendants. ) | Case No. 09-CV-2256 |

## OPINION

Plaintiff, Jodi Campbell, filed a Motion to Bar Testimony as to Defendant Randy H. Gross's Driver's Log Books (#65) on June 30, 2011. Defendants Gross and RAP Trucking, Inc., filed their Objection to the Motion to Bar Testimony (#68) on July 7, 2011. For the following reasons, Plaintiff's Motion to Bar Testimony (#65) is DENIED.

Defendants filed a Motion to Bifurcate Trial (#61) on June 23, 2011, and Plaintiff filed her Memorandum in Opposition (#73) on July 11, 2011. For the following reasons, Defendants' Motion to Bifurcate Trial (#61) is GRANTED.

BACKGROUND

Plaintiff, a citizen of the State of Illinois, filed suit against Defendant Gross, a citizen of Florida, and RAP Trucking, Inc., a Massachusetts corporation with its principal place of business in Florida, over a vehicle collision that occurred in Ford County, Illinois. The amount in controversy exceeds $75,000. According to the Complaint (#1) and Answer (#4) filed by the parties, the facts of the occurrence are this:

-1-

On February 10, 2008, at approximately 4:11 am, Defendant Gross was operating a semi truck and trailer owned by or leased to Defendant RAP northbound on Interstate Route 57 near mile post 258 in Ford County, Illinois. At said time and place Plaintiff was operating her Dodge Caravan minivan northbound on Interstate 57. At said time and place, Defendants' semi truck and trailer crashed into the rear end of Plaintiff's vehicle. Plaintiff alleges that the accident was the direct and proximate result of one or more of a combination of various acts or omissions on the part of Defendants, including: speeding, failure to reduce speed, failure to keep a proper lookout for other motor vehicles, and other unspecified negligence. Plaintiff alleges that as a proximate and direct result of Defendants' negligence, she has suffered various severe and permanent injuries. Plaintiff asks for a $10,000,000 judgment against Defendants.

Defendants deny Plaintiff's allegations of negligence. Defendants allege an affirmative defense in that Plaintiff: (1) entered the roadway from the shoulder without first determining that it was safe to do so; (2) entered the roadway from the shoulder without signaling; (3) entered the roadway at a time when it was unsafe to do so by reason of the relatively close proximity of Defendants' vehicle; (4) operated her vehicle on the roadway without its running lights having been activated; (5) causing herself, by the consumption of alcoholic beverages, to have impaired senses of vision, depth perception, and judgment; (6) failing to keep her vehicle off of the roadway until such time as the effects of alcohol on her body had subsided; and (6) failing to keep a proper lookout for Defendants' vehicle. Defendants argue that Plaintiff contributed in whole or in part to the injuries of which she complains and her recovery of damages should be barred or diminished accordingly.

Motion to Bar Testimony (#65)

On June 30, 2011, Plaintiff filed her Motion to Bar Testimony as to Defendant Randy H. Gross's Driver's Log Book (#65). In the Motion, Plaintiff asserts that after the collision, and with knowledge the collision had taken place, the log books that covered the period of the collision and the thirty days preceding the collision were intentionally destroyed by Juan J. Konieczny, an RAP employee. Plaintiff argues that because RAP never took any steps to preserve the log books and did not advise Konieczny not to destroy the books, even though they knew it was Konieczny's custom to destroy log books after their examination, RAP has intentionally spoiled evidence and deprived Plaintiff of the ability to examine the books. Plaintiff argues the appropriate remedy is to bar any testimony on behalf of the Defendants as to the contents of the log books. Plaintiff believes the only testimony that should be admitted is that Defendants knowingly allowed log books to be destroyed with knowledge that the collision in question had taken place.

Defendants' Objection (#68) was filed July 7, 2011. In the Objection, Defendants note that they have disclosed Charles Burwell, a now retired Illinois State Police commercial vehicle compliance officer, as a trial witness on their behalf. Burwell is expected to testify that, in the course of his duties on or about February 10, 2008 (the date of the collision), and in connection with the accident:

(1) he inspected Gross's semi and reviewed his log books, including for any hours of service or other violations; (2) he wrote a report of the inspection (a copy of which is attached to Defendants' Objection); (3) the report does not identify any hours of service or other violations as might have been reflected in such log books; and (4) if the log books had reflected a violation of any kind, it would have been indicated in Burwell's report.

-3-

Defendants argue that Burwell's testimony refutes Plaintiff's suggestion that there was something in the log books to implicate Gross and RAP in the collision. Further, they argue Burwell had nothing to do with the retention or discarding of the log books and had no association of any kind with Gross or RAP. As to Konieczny, a former Florida Department of Transportation compliance officer now acting as a consultant to RAP and others on issues of regulatory compliance, he testified that RAP was not obligated or required by any authority to maintain Gross's log books for longer than six months after their date and that those in question were discarded after the six month period. Defendants claim that one of Plaintiff's disclosed experts, George P. Huston, acknowledges the same six month requirement. Further, while RAP and Konieczny were aware of the accident at the time the log book was discarded, no suit had been filed and they did not expect a suit to be filed, since Plaintiff had been charged with driving under the influence (DUI) in connection with the collision.

The court agrees with the position advanced by Defendants. Burwell, an independent source with the Illinois State Police, will be able to testify to what was in the now discarded log book based on his own contemporaneous report. Admission of testimony concerning the log book will not prejudice Plaintiff. Defendants are free to discuss the contents of the log book through Burwell's testimony. Plaintiff can question as to why the log books were destroyed, and Defendants can respond with why they were destroyed. Plaintiff's Motion to Bar Testimony as to Defendant Randy H. Gross's Driver's Log Book (#65) is DENIED in its entirety.

<u>Motion to Bifurcate Trial (#61)</u>

Defendants filed their Motion to Bifurcate Trial (#61) on June 23, 2011. Defendants ask the court to bifurcate the trial into two stages: first, a liability stage, where the jury will decide liability

between Plaintiff and Defendants. Next, if Defendants are found to be liable, a damages trial will be held. Defendants argue that, in this case, bifurcation is appropriate because: (1) it will promote judicial economy because the case favors a defense verdict, and if Defendants are found not guilty or Plaintiff is found 50% or more liable for the collision, then all evidence related to the damages portion will be entirely avoided; (2) the damages portion of the trial, where Plaintiff claims in excess of $470,000 in damages and would detail Plaintiff's substantial injuries and involve the testimony of numerous lay and physician witnesses about said injuries, is incomparable to the liability portion and would overwhelm the evidence presented on liability; (3) the discovery relevant to the damages portion has not yet commenced, so substantial time and effort can be saved by the finding of no liability; (4) prejudice to Defendants could occur due to Plaintiff's substantial injuries, engendering sympathy in the jury due to damages that could overwhelm evidence on liability if not bifurcated; (5) there will be no prejudice to Plaintiff and Plaintiff could save time and money if the jury found for Defendant on liability since discovery for damages has not yet commenced; and (6) bifurcation would not violate the Seventh Amendment since this is not a criminal case with multiple defendants being tried separately, but rather the bifurcation relates to issues, and no issues would be "reexamined" at a damages trial.

Plaintiff filed her Memorandum in Opposition (#73) on July 11, 2011. First, Plaintiff argues bifurcation would not save her any money on attorneys' fees or costs, since the time for discovery depositions is past, and no further discovery, whether on liability or damages, can be conducted. Plaintiff also argues that the motion should be denied on procedural grounds, since it should have been made at the time of the scheduling conference. Plaintiff next argues: (1) Defendants are not guaranteed a liability verdict in their favor, due to evidence of Gross's failure to act quickly to avoid

an accident and Illinois's status as a comparative negligence state, meaning Plaintiff could still get damages if she is found to be less than 50% liable; (2) Plaintiff will stipulate as to her medical bills, so as not to overwhelm the jury, and Illinois Pattern Jury Instructions directly address this issue and can be offered; (3) certain of her injuries are relevant to liability, since the injuries have somewhat impaired her memory as to the moments before and after the collision and physicians will also testify as to whether Plaintiff was urinating before the collision and whether she was under the influence of alcohol; and (4) she would suffer prejudice from bifurcation due to uncertainty about how the trial would be scheduled and the availability of her physician witnesses.

Federal Rule of Civil Procedure 42(b) states:

> "**Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).

A district court has considerable discretion to order the bifurcation of a trial, and a reviewing court will overturn a decision to bifurcate only upon a clear showing of abuse. Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000). A district court may bifurcate a trial provided that the decision to bifurcate (1) serves the interests of judicial economy or is done to prevent prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment to the United States Constitution. Krocka, 203 F.3d at 516.

Here, the court agrees with Defendants that bifurcating the trial between a liability portion and a damages portion would serve judicial economy. While it is true that some of Plaintiff's medical witnesses may need to testify in the liability phase concerning injuries to Plaintiff that

impair her memory of the time around the collision, it is certainly not all of her witnesses. Further, Plaintiff was convicted of a DUI arising out of this incident, so the court believes there is a good chance Defendants will prevail on the liability issue, obviating the need for a damages trial. Judicial economy will be served if a liability-only phase resolves the issue without needing to discuss damages. Also, Defendants may very well be prejudiced by extensive damages testimony detailing the injuries and costs to Plaintiff arising out of the accident. Although evidence of liability may weigh against Plaintiff, there is a good chance the jury will be unduly influenced on the liability issue by sympathy towards Plaintiff due to injuries suffered. By bifurcating the two portions of trial, the danger of evidence irrelevant to liability influencing the jury is lessened.

Also, while there may be some inconvenience to Plaintiff concerning her witnesses, the court does not feel this rises to the level of prejudice. The court feels confident that it can fashion a trial schedule by which Plaintiff's witnesses can be available for both portions of the trial, if necessary. Further, Plaintiff can call medical witnesses for the liability phase, if the testimony is relevant to her recollection of the collision and the circumstances surrounding it. Plaintiff will not be unduly prejudiced by bifurcation.

Finally, no Seventh Amendment violations are implicated by bifurcation. Therefore, Defendants' Motion to Bifurcate Trial (#61) is GRANTED.

IT IS THEREFORE ORDERED:

(1) Plaintiff's Motion to Bar Testimony as to Defendant Randy H. Gross's Driver's Log Books (#65) is DENIED in its entirety.

(2) Defendants' Motion to Bifurcate Trial (#61) is GRANTED. The trial will be bifurcated into a liability and damages phase. The details of the bifurcation and schedule will be decided at

the final pretrial conference.

(3) The final pretrial conference remains set for Tuesday, August 23, 2011, at 2:30 pm, with jury selection scheduled to begin Monday, August 29, 2011, at 9:00 am.

ENTERED this 18th day of July, 2011

**s/Michael P. McCuskey**

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE