UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JODI CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-2256 |
| ) | |
| RAP TRUCKING INC., ) | |
| a Massachusetts corporation, and ) | |
| RANDY H. GROSS, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

Plaintiff, Jodi Cambell, filed a Motion to Reconsider the Court Order Bifurcating Trial (#90) on July 29, 2011. Defendants Randy H. Gross and RAP Trucking, Inc., filed their Response (#103) on August 8, 2011. On August 15, 2011, Plaintiff filed a Motion for Leave to File a Reply in Support of her Motion to Reconsider the Court Order Bifurcating Trial (#108). On August 17, 2011, Defendants filed a Response (#118) to the Plaintiff's Motion for Leave to File a Reply. This Court has carefully considered all of the motions, the responses to the motions, and the documents filed by the parties. Following this careful and thorough review, this Court rules as follows: (1) Plaintiff's Motion for Leave to File a Reply in Support of her Motion to Reconsider the Court Order Bifurcating Trial (#108) is GRANTED; and (2) Plaintiff's Motion to Reconsider the Court Order Bifurcating Trial (#90) is DENIED.

**BACKGROUND**

Defendants filed a Motion to Bifurcate Trial (#61), and Plaintiff filed a Memorandum in Opposition (#73). On July 18, 2011, this Court granted Defendant's Motion to Bifurcate Trail in a written opinion (#79). This Court based the decision to bifurcate the trial between a liability

portion and a damages portion upon the following considerations: (1) judicial economy would be served if Defendants prevail on the liability issue, obviating the need for a damages trial; (2) the possible prejudice Defendants would suffer from extensive damages testimony detailing the injuries and costs to Plaintiff arising out of the accident; and (3) a determination that although some inconvenience might be suffered by the Plaintiff, it does not rise to the level of prejudice.

## ANALYSIS

### I.  MOTION FOR LEAVE TO FILE A REPLY

Rule 7.1(B)(3) of this Court's local rules provide: "[n]o reply to the response is permitted."  Plaintiff filed a Motion for Leave to File a Reply (#108), which was opposed by the Defendants in a Response (#118) based on this Court's local Rule 7.1(B)(3).  However, considering the unique circumstances of this case, this Court finds that a reply would be appropriate and therefore grants Plaintiff's Motion for Leave to File a Reply in Support of her Motion to Reconsider the Court Order Bifurcating Trial (#108).

### II.  MOTION FOR RECONSIDERATION

The Seventh Circuit has explained that a motion for reconsideration can perform a valuable function where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).  The Seventh Circuit has also explained:

> Motions for reconsideration serve a limited function; to correct manifest errors or law or

> fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion.

Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (citations omitted). Furthermore, a motion to reconsider should not be used to rehash arguments previously advanced by the parties. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

The Plaintiff asks this Court to reconsider its decision to bifurcate the trial between a liability portion and a damages portion based on two primary arguments: (1) the Plaintiff will suffer severe irreparable prejudice due to the bifurcation; and (2) the Court failed to appropriately consider discovery, which Plaintiff argues, demonstrates that there is not a "good chance" that Defendants will prevail in the liability portion of the trial. First, this Court finds that Plaintiff's claimed "severe irreparable prejudice" arguments are without merit. Specifically: (1) the bifurcation of a trial does not send an "unmistakable message" to the jury that the Court believes the Plaintiff's case "is a waste of time"; and (2) an increase in the total days of trial by one day for three witnesses to testify twice if a damages portion of the trial is necessary, as the Plaintiff suggests, does not constitute "severe irreparable prejudice" to the Plaintiff.

Moreover, these arguments, including the argument that there is not a "good chance" Defendant will prevail at the liability portion of the trial, albeit explained in greater detail in this Motion to Reconsider, have already been argued in the Plaintiff's Memorandum in Opposition to the Defendant's Motion to Bifurcate (#73), and were carefully considered by this Court. Therefore, this Court denies the Plaintiff's Motion to Reconsider the Court Order Bifurcating Trial as such a motion should not be used simply to rehash arguments previously advanced by the parties. See Oto, 224 F.3d at 606.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Leave to File a Reply in Support of her Motion to Reconsider the Court Order Bifurcating Trial (#108) is GRANTED.

(2) Plaintiff's Motion to Reconsider the Court Order Bifurcating Trial (#90) is DENIED.

ENTERED this 7th day of September, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE