UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JODI CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-2256 |
| ) | |
| RAP TRUCKING INC., ) | |
| a Massachusetts corporation, and ) | |
| RANDY H. GROSS, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

Plaintiff, Jodi Cambell, filed a Motion to Reconsider the Court Order Denying Plaintiff's Motion to Bar Testimony as to Log Books (#88) on July 27, 2011. Defendants Randy H. Gross ("Gross") and RAP Trucking, Inc. ("RAP Trucking"), filed their Response (#102) on August 8, 2011. On August 15, 2011, Plaintiff filed a Motion for Leave to File a Reply in Support of her Motion to Reconsider her Motion to Bar Testimony as to Log Books (#110). On August 17, 2011, Defendants filed a Response (#119) to the Plaintiff's Motion for Leave to File a Reply. This Court has carefully considered all of the motions, the responses to the motions, and the supporting documents filed by the parties. Following this careful review, this Court rules as follows: (1) Plaintiff's Motion for Leave to File a Reply in Support of her Motion to Reconsider her Motion to Bar Testimony as to Log Books (#110) is GRANTED; (2) Plaintiff's Motion to Reconsider (#88) is GRANTED; (3) this Court's prior opinion (#79) is VACATED in part, specifically the portion relating to Plaintiff's Motion to Bar Testimony (#65); and (4) Plaintiff's Motion to Bar Testimony as to Defendant Gross' Driver's Log Books (#65) is DENIED.

**BACKGROUND**

On June 30, 2011, Plaintiff filed a Motion to Bar Testimony as to Defendant Gross's Driver's Log Books (#65). On July 7, 2011, Defendants filed their Objection to the Motion to Bar Testimony (#68). On July 15, 2011, after this Court reviewed the Plaintiff's initial motion and the Defendants' Response, this Court signed an opinion denying Plaintiff's motion. The opinion (#79) signed by this Court was not filed on the docket until the following Monday, July 18, by the clerk's office. After this Court signed its opinion, but before the opinion was docketed, Plaintiff filed a Memorandum in Support of the Motion (#75) the afternoon of July 15, 2011. Plaintiff's supporting memorandum introduced an argument based on the Federal Rules of Evidence, specifically Rules 106, 1002 and 1004. Plaintiff's initial Motion contained no reference to the Federal Rules of Evidence, and instead argued that RAP Trucking intentionally spoiled evidence and deprived Plaintiff of the ability to examine the log books.

## ANALYSIS

### I.  MOTION FOR LEAVE TO FILE A REPLY

Rule 7.1(B)(3) of this Court's local rules provide: "[n]o reply to the response is permitted." Plaintiff filed a Motion for Leave to File a Reply (#110), which was opposed by the Defendants in a Response (#119) based on this Court's local Rule 7.1(B)(3). However, considering the unique circumstances of this case, this Court finds that a reply would be appropriate and therefore grants Plaintiff's Motion for Leave to File a Reply in Support of her Motion to Reconsider the Court Order Bifurcating Trial (#110).

### II.  MOTION TO RECONSIDER

Plaintiff asks this Court to reconsider its decision to deny Plaintiff's Motion to Bar Testimony as to Log Books based on the argument that this Court did not discuss the effect of

2

Federal Rules of Evidence 106, 1002 and 1004.  As the Plaintiff and Defendants did not discuss the Federal Rules of Evidence in their initial Motion and Response, this Court made a determination considering only the filings that had been received by the Court prior to signing its opinion on July 15, 2011.  Therefore, this Court did not have the opportunity to consider the Plaintiff's Memorandum which explained its argument based on the Federal Rules of Evidence.  As this Court did not explain the impact of the Federal Rules of Evidence on the motion to bar testimony relating to the log books, this Court vacates its prior order denying Plaintiff's motion and will reconsider the motion on its own volition.

### III.  MOTION TO BAR TESTIMONY CONCERNING LOG BOOKS

Federal Rule of Evidence 1002 provides: "[t]o prove the content of a writing . . . the original writing . . . is required, except as otherwise provided in these rules . . . ."  Fed. R. Evid. 1002.  Federal Rule of Evidence 1004 provides that: "[t]he original is not required, and other evidence of the contents of a writing . . . is admissible if . . . (1) . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith."  Fed. R. Evid. 1004.

In its motion, the Plaintiff is attempting to bar the Defendants from introducing evidence as to the contents of Defendant Gross's log books.  Specifically, the parties discuss the expected testimony of Charles Burwell ("Burwell"), who inspected the log books in connection with the accident on or about February 10, 2008, in his role as an Illinois State Police commercial vehicle compliance officer.  Burwell is expected to testify that: (1) he inspected Gross's semi and reviewed his log books, including for any hours of service or other violations; (2) he wrote a report of the inspection; (3) the report does not identify any hours of service or other violations as might have been discovered in the log books; and (4) if the log books had reflected a violation

of any kind, it would have been indicated in his report. After this inspection, Defendant Gross delivered the log books to RAP Trucking management, who retained them for a period of six months. After six months, in apparent compliance with its regular document retention policy, Defendant RAP Trucking's independent contractor, Juan J. Konieczny ("Konieczny"), destroyed the log books.

     As Burwell's expected testimony is to prove a portion of the contents of the original log books, the original itself is required to be introduced into evidence unless an exception applies under the Federal Rules of Evidence. See Fed. R. Evid. 1002. Nevertheless, as there is no dispute that the original has been destroyed and there is no duplicate available, FRE 1004 permits other evidence of the contents of the log books unless RAP Trucking "destroyed them in bad faith." See Fed. R. Evid. 1004(1). Therefore, the admissibility of Burwell's testimony depends on whether the log books in question were destroyed in bad faith. Plaintiff asks this Court to infer that the log books were destroyed in bad faith simply because the log books were actually destroyed, based on the theory that if the log books were favorable to the Defendants, they would have been retained. Defendants argue that RAP Trucking is not obligated or required by any authority to maintain the log books in question for longer than six months after their creation, as acknowledged by one of Plaintiff's disclosed experts, George P. Huston. Although RAP Trucking was clearly aware of the accident at the time the log books were discarded, no suit had been filed and they did not expect a suit to be filed as Plaintiff had been charged and plead guilty to driving under the influence (DUI) in connection with the accident.

     This Court agrees with the Defendants that there is no evidence of bad faith destruction of the log books advanced by the Plaintiff, and further that the explanation for the destruction of

the log books is not unreasonable. Although it would have been preferable that the log books in question were retained given the current lawsuit arising from the accident, at the time RAP Trucking destroyed the log books in compliance with its regular policies, it was reasonable for them to expect that given Plaintiff's guilty plea to a DUI charge arising out of the accident, there would not be a suit filed by the Plaintiff. Furthermore, in considering the potential unfairness to the Plaintiff from allowing Burwell's testimony, there are a few factors convincing this Court that Plaintiff will not be unduly prejudiced. First, Burwell, an Illinois State Police employee at the time of his inspection and completion of a report relating to the log books, is an independent witness who will testify based on his contemporaneous examination of a portion of the log books. Also, even if Burwell did not review all portions of log books that might have contained probative evidence, Plaintiff surely will have the opportunity during cross-examination to establish exactly what portion of the log books Burwell did in fact examine. Finally, Plaintiff emphasizes that any opinion by Burwell failed to consider information relating to arrests in 2007 for driving violations by Defendant Gross. However, Burwell's limited testimony as to the pages of the log books that he examined from early 2008 will not preclude Plaintiff from emphasizing on cross-examination that Burwell did not review any log book entries from 2007, and thus, any opinion as to any violations by Defendant Gross will be limited to the portion of the log books Burwell did in fact examine.

    Plaintiff further argues that testimony regarding the log books should not be allowed based on Federal Rule of Evidence 106 which provides: "[w]hen a writing . . . or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing . . . which ought in fairness to be considered contemporaneously with it."

5

Fed. R. Evid. 106. Courts have explained that Rule 106 might counsel exclusion where a party, in bad faith, preserves only "portions of a writing . . . that are helpful to its case and destroy[s] potentially [harmful] portions. <u>United States v. Sherman</u>, 293 Fed. Appx. 158, 159 (3rd Cir. 2008). Plaintiff argues that allowing testimony as to the portion of the log books that Burwell examined prejudices the Plaintiff concerning the contents of the remainder of the log books, including possible evidence of Defendant Gross's driving violations for the six months preceding the occurrence. This Court disagrees with Plaintiff's claim that Burwell's testimony as to a portion of the log books should be excluded under Rule 106, as this Court has determined that the log books were not destroyed in bad faith. <u>See id.</u> at 159. Furthermore, concerns of prejudice are overstated as Burwell will only be able to explain the contents and provide an opinion on the limited portion of the log books he personally examined–thus this Court does not find that fairness dictates that contents from the log books be excluded under Rule 106.

Finally, in addition to Plaintiff's concerns regarding Burwell's testimony, they have challenged the ability of any other defense witness to testify as to the contents of the log books. As the parties have not provided an explanation as to what other testimony in regards to the ***contents*** of the log books they expect to be offered, this Court reserves any determination on such additional evidence on the contents of the log books until offered. On the other hand, evidence offered to establish that the log books were actually destroyed, as opposed to evidence regarding the contents, is permissible by both parties. Moreover, a stipulation by the parties as to the date of destruction of the log books would be conducive to an efficient presentation of the case at trial, as it does not appear there is any dispute that the log books were in fact destroyed.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Leave to File a Reply in Support of her Motion to Reconsider her Motion to Bar Testimony as to Log Books (#110) is GRANTED.

(2) Plaintiff's Motion to Reconsider the Court Order Denying Plaintiff's Motion to Bar Testimony as to Log Books (#88) is GRANTED.

(3) This Court's prior opinion (#79) is VACATED in part, specifically the portion of the opinion relating to Plaintiff's Motion to Bar Testimony (#65).

(4) Plaintiff's Motion to Bar Testimony as to Defendant Gross' Driver's Log Books (#65) is DENIED.

ENTERED this 7th day of September, 2011.

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE