UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **JODI CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 09-CV-2256** |
| ) | |
| **RAP TRUCKING INC.,** ) | |
| a Massachusetts corporation, and ) | |
| **RANDY H. GROSS,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the Court for ruling on various pre-trial motions filed by the parties relating to the effect of the Plaintiff's brain injuries on her ability to testify and represent herself in this case. Following a careful and thorough review of all of the motions and supporting documents, this Court rules as follows: (1) Plaintiff's Motion to Substitute Plaintiff (#113) is GRANTED; (2) Plaintiff's Motion for Leave to File a Reply (#112) is GRANTED; (3) Plaintiff's Supplemental Motion (#114) is GRANTED; (4) Plaintiff's Motion to Bar Defendant Randy H. Gross's Testimony as to the Collision Pursuant to 735 ILCS 5/8-201 (#86) is RESERVED; and (5) Defendants' Motion to Bar Testimony of Daniel A. Llano, M.D., Ph.D., Joseph Alper, Ph.D. and Heidi White, CNA (#115) is DENIED.

### FACTUAL BACKGROUND

According to the filings by the parties, the facts of the occurrence in question that are relevant to the motions before the Court are as follows: on February 10, 2008, at approximately 4:11 am, Defendant Randy H. Gross ("Gross") was operating a semi truck and trailer owned by or leased to Defendant RAP Trucking, Inc. ("RAP Trucking") northbound on Interstate Route 57

near mile post 258 in Ford County, Illinois. At said time and place Plaintiff Jodi Hardwick-Schubert (formerly Jodi Campbell) ("Jodi") was operating her Dodge Caravan minivan northbound on Interstate Route 57. At said time and place, Defendants' semi truck and trailer crashed into the rear end of Jodi's vehicle. Jodi's complaint alleges that the accident was the direct and proximate result of one or more of a combination of various acts or omissions on the part of Defendant Gross, including: speeding, failure to reduce speed, failure to keep a proper lookout for other motor vehicles, and other unspecified negligence. The Defendants deny Jodi's allegations of negligence, alleging an affirmative defense that Jodi: (1) entered the roadway from the shoulder without first determining that it was safe to do so; (2) entered the roadway from the shoulder without signaling; (3) entered the roadway at a time when it was unsafe to do so by reason of the relatively close proximity of Defendant Gross's vehicle; (4) operated her vehicle on the roadway without its running lights having been activated; (5) causing herself, by the consumption of alcoholic beverages, to have impaired senses of vision, depth perception, and judgment; (6) failing to keep her vehicle off of the roadway until such time as the effects of alcohol on her body had subsided; and (7) failing to keep a proper lookout for Defendant Gross's vehicle.

    At this time there are no known witnesses to the collision itself, with the exception of Defendant Gross and Jodi. Sadly, as a result of the collision, Jodi suffered serious injuries, including injuries to her brain. As a result of these brain injuries, Jodi contends that she has no memory of the collision or the events immediately preceding the collision. Defendant Gross has memory of the collision and, if allowed, will likely be called by the defense to offer his version of the collision. On August 16, 2011, the Circuit Court of the Fourth Judicial District in Champaign

County, Illinois, determined that Jodi is a disabled person as defined by 755 ILCS 5/11a-2.[1] The court ordered that Susan Ann Sanders fulfill the role as the appointed Guardian of the Estate of Jodi Hardwick-Schubert, effective beginning on August 16, 2011.

## PROCEDURAL BACKGROUND

Jodi filed a Motion to Bar Defendant Gross's Testimony as to the Collision Pursuant to 735 ILCS 5/8-201 (#86) on July 26, 2011. In her motion, Jodi requested that this Court bar all testimony directly, or through hearsay testimony, by Defendant Gross as to the events of collision and for the one mile preceding the collision on the basis of the Illinois Dead-Man's Act. Defendants filed their Response (#99) on August 5, 2011. On August 15, 2011, Jodi filed a Motion for Leave to File a Reply (#112). On August 16, 2011, Jodi filed a Supplemental Motion to Supplement Plaintiff's Motion for Leave to File a Reply (#114). On August 17, 2011, Defendants filed a Response (#116) to the Plaintiff's Motion for Leave to File a Reply (#112). On August 29, 2011, Defendants filed a Response (#122) to the Plaintiff's Supplemental Motion. On September 7, 2011, Jodi filed a Reply (#124).

On August 16, 2011, Jodi also filed a Motion to Substitute Plaintiff (#113). Defendants objected to the Motion to Substitute Plaintiff in its Response (#122), filed on August 29, 2011. Jodi responded to the Defendants' objections in a Reply (#124) filed on September 7, 2011.

On August 12, 2011, Jodi made a supplemental disclosure to the Defendants identifying Dr. Joseph S. Alper, Dr. Daniel A. Llano and Heidi White as witnesses who acquired their testimony from observations of her mental limitations while treating her. On August 17, 2011, Defendants filed a Motion to Bar Testimony of Daniel A. Llano, M.D., Ph.D., Joseph Alper,

---

[1] Jodi filed the Petition for Appointment of Guardian of Estate in the Circuit Court of the Fourth Judicial District in Champaign County, Illinois, on August 11, 2011.

Ph.D. and Heidi White, CNA (#115). Jodi filed a Response (#120) on August 18, 2011. Previously, on November 17, 2010, Magistrate Judge David G. Bernthal entered a text order extending the deadline for Jodi's expert witness disclosure from December 15, 2010, to February 21, 2011. On June 30, 2011, Magistrate Judge David G. Bernthal entered a text order extending Jodi's deadline to disclose any rebuttal expert opinions to July 15, 2011. On August 30, 2011, Jodi filed a Supplemental Rule 26(a)(1) Disclosure, listing Dr. Joseph S. Alper and Dr. Daniel A. Llano as treating physicians with this Court.

## ANALYSIS

### I. MOTION FOR LEAVE TO FILE A REPLY & SUPPLEMENTAL MOTION

Rule 7.1(B)(3) of this Court's local rules provide: "[n]o reply to the response is permitted." Jodi filed a Motion for Leave to File a Reply (#112), which was opposed by the Defendants in a Response (#116) based on this Court's local Rule 7.1(B)(3). Jodi also filed a Supplemental Motion (#114) to Supplement her prior Motion for Leave to File a Reply (#112). Considering the unique circumstances of this case, this Court finds that a reply would be appropriate and therefore grants Jodi's Motion for Leave to File a Reply in Support of her Motion to Reconsider the Court Order Bifurcating Trial (#112). This Court also accepts Jodi's Supplemental Motion (#114).

### II. MOTION TO SUBSTITUTE PLAINTIFF

Federal Rule of Civil Procedure 25(b) provides: "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." Fed. R. Civ. P. 25(b). Under Illinois law, the duties of the estate guardian include "appear[ing] for and represent[ing] the ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend." 755 ILCS 5/11a-18(c). In this case, Jodi was determined by

the Circuit Court of the Fourth Judicial District in Champaign County, Illinois, to be a disabled person as defined by 755 ILCS 5/11a-2 and therefore appointed Susan Ann Sanders as the guardian of Jodi's estate. In this role, Susan Ann Sanders will be required to appear and represent Jodi under Illinois law in legal proceedings.

Jodi requests that Susan Ann Sanders be substituted as the Plaintiff in this case effective immediately. Defendant objects solely on the basis that they believe Jodi is utilizing the Motion to Substitute Plaintiff as a means to "circumvent[] the trial court's adjudication of 'legal disability' under the [Dead-Man's] Act." Although this Court agrees that the timing of the appointment of Susan Ann Sanders as the guardian of Jodi's estate is questionable,[2] this concern alone does not justify denying Jodi's Motion. As discussed *infra*, the Illinois Dead-Man's Act definition of "legal disability" focuses on an adjudication by *this* Court that Jodi is unable to *testify*. The appointment of a guardian for Jodi in the Circuit Court was based solely on a finding that she is a "disabled person . . . [who] because of mental deterioration or physical incapacity is not fully able to manage [her] person or estate." See 755 ILCS 5/11a-2(a). Therefore, the Defendants are correct that this determination by the Circuit Court has no effect on this Court's determination of Jodi's "legal disability" under the Illinois Dead-Man's Act. Accordingly, as Susan Ann Sanders is required to appear and represent Jodi under Illinois law, she is an appropriate party to represent Jodi in this case and the Motion to Substitute Plaintiff (#113) is granted.

---

[2]As the Defendants point out, the Petition for Appointment of Guardian of Estate was filed on August 11, 2011, conveniently only six days after the Defendants responded to Jodi's Dead-Man's Act motion to bar Defendant Gross's testimony by explaining that under the clear language of the Illinois Dead-Man's Act that only a representative of a person under a legal disability could claim application of the Act.

III.  DEAD-MAN'S ACT

Although as a general rule federal rather than state law governs the admissibility of evidence in federal diversity cases, there are a number of express exemptions to this rule, including state dead man laws.  Lovejoy Electronics, Inc. v. O'Berto, 873 F.2d 1001, 1005 (7th Cir. 1989).  Illinois, the state law that will govern in this federal diversity case, has a Dead-Man's Act which provides in relevant part:

> In the trial of any action in which any party sues or defends as the representative of a . . . person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his . . . own behalf . . . to any event which took place in the presence of the . . . person under legal disability, except in the following instances:
>
> (a) If any person testifies on behalf of the representatives . . . to any event which took place in the presence of the deceased or person under legal disability, any adverse party or interested person, if otherwise competent, may testify concerning the same . . . event.

735 ILCS 5/8-201 (2011).  Furthermore, the Act defines a person under a legal disability as: "any person who is adjudged by the court in the pending civil action to be unable to testify by reason of mental illness, . . . or deterioration of mentality."  Id.

The Illinois Supreme Court has explained the purposes of the Dead-Man's Act as: (1) protecting decedent's [or incapacitated person's] estates from fraudulent claims; and (2) equalizing the position of the parties in regard to introducing testimony.  Gunn v. Sobucki, 837 N.E.2d 865, 896 (Ill. 2005).  Primarily, however, the purpose of the Act is preserving fundamental fairness.  Agins v. Schonberg, 921 N.E.2d 1139, 1142 (Ill. App. Ct. 2009).  This goal of preserving fundamental fairness and ensuring equalized presentation of testimony is served by the exceptions to the general rule–specifically the exception providing that "if any person testifies on behalf of the [incapacitated person's] representative to . . . an event involving the [incapacitated person], then the defendant may also testify on the same subject matter."  Id.;

see also Smith v. Tri-R Vending, 619 N.E.2d 172, 178 (Ill. App. Ct. 1993) ("Where the Dead Man's Act applies, *neither* party is able to testify to the circumstances of the accident."). Courts have explained that the exception in 735 ILCS 5/8-201(a) is applicable in situations where the incapacitated party's representative attempts to introduce expert testimony as to the conversation or event in question while at the same time attempting to prevent the defendant from testifying as to his view of what happened. See Hoem v. Zia, 636 N.E.2d 479, 483 (Ill. 1994). In Hoem, the court emphasized that preventing the defendant from testifying in such a situation would be fundamentally unfair and would not advance the purpose of the Dead-Man's Act. Id.

In this case, the parties have contested the following aspects of the applicability of the Dead-Man's Act: (1) whether Jodi can claim the Dead-Man's Act protection while she is the named Plaintiff; (2) whether Jodi in fact satisfies the standard of "under disability"; and (3) whether an exception to the Dead-Man's Act applies in this case. First, although the parties initially contested whether Jodi could claim protection under the Dead-Man's Act while she remained the named Plaintiff, there no longer appears to be any dispute as Susan Ann Sanders, guardian of Jodi's estate, will be substituted as the plaintiff is this case.

Second, the Defendants challenge the allegation that Jodi is suffering from a legal disability. The determination of whether a person is unable to testify by reason on mental illness is "within the sound discretion of the trial court." Green by Fritz v. Jackson, 682 N.E.2d 409, 414 (Ill. App. Ct. 1997) (citations omitted). Courts have explained that there is no rigid formula in making this determination, however "courts have held that the trial judge should consider four factors: the ability of the witness to receive correct impressions from his senses, to recollect those impressions, to understand questions, and to appreciate the moral duty to tell the truth." See id. (internal quotation omitted). This determination may be made "through preliminary inquiry,"

such as examination of depositions or medical records, or "by observing the witness' demeanor and ability to testify during trial." See People v. Williams, 588 N.E.2d 983, 995-96 (Ill. 1991). Dr. Rak's verification that was filed as an attachment to this motion expressed an opinion that based on Jodi's brain injuries: (1) it is common for such injuries to result in a "loss of memory as to events immediately preceding and following the time of the injury"; (2) that to a reasonable degree of medical certainty, Jodi "in fact has a loss of memory as to the events preceding and at the time of the wreck, which loss of memory is now permanent." Therefore, even though Jodi's memory loss is only relevant to one of the four factors, absent contradicting evidence that Jodi does in fact have memory of the event, it is likely that Jodi suffers from a "deterioration of mentality" sufficient to satisfy the Dead-Man's Act. Nevertheless, this Court finds that it is not necessary or appropriate to make a final determination as to Jodi's legal disability at this time, as this Court has no information as to possible contrasting opinions of Jodi's condition. Therefore, this Court will schedule a hearing to consider whether Jodi suffers from a "legal disability" under the Illinois Dead-Man's Act. Nevertheless, the determination of Jodi's legal disability might have limited significance, as an exception to the Dead-Man's Act will likely apply given the evidence the Plaintiff in this case must advance to establish her case.

Finally, the event at issue in this case is the collision, which is also the sole basis for the negligence claims against the Defendants. If the Plaintiff chooses to offer no evidence as to the collision itself, she will be unable to establish negligence on the part of the Defendants, as the "fact finder may not infer negligence from the mere accident itself." Smith, 619 N.E.2d at 179. Alternatively, if the Plaintiff offers evidence as to the collision, such as reconstruction evidence, evidence of the speed Defendant was traveling, or any other relevant evidence involving the collision through expert witnesses, the express exception under 735 ILCS 5/8-201(a) will apply,

allowing Defendant Gross to testify. 735 ILCS 5/8-201(a); see also Hoem, 636 N.E.2d at 483. However, as this Court cannot be sure what testimony will be offered by the Plaintiff at this point, this Court will reserve any determination as to Defendant Gross's ability to testify until trial. Nevertheless, it seems likely that the Plaintiff will choose to attempt to offer testimony regarding the collision–therefore this Court is advising the parties as to its determination that the Dead-Man's Act will not bar Defendant Gross's testimony in the event any testimony is offered regarding the circumstances of the collision by the Plaintiff.

## IV. TREATING WITNESS EXPERT TESTIMONY

Defendants ask this Court to preclude testimony by the aforementioned treating expert witnesses because they were not disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2) and the specified deadline for disclosure of expert witnesses of November 17, 2010. Federal Rule of Civil Procedure 26(a)(2)(B) requires that a party disclose its expert witnesses to the opposing party and also provide the opposing party with a report including the expert's opinions and the basis for those opinions. Fed. R. Civ. P. 26(a)(2)(B). If a party fails to comply with these disclosure requirements, a district court has the power to strike the expert as a sanction. Fed. R. Civ. P. 37(c); see Miksis v. Howard, 106 F.3d 754, 760 (7th Cir. 1997). Although it is true that only those witnesses specifically employed to provide expert testimony must submit expert reports in compliance with Rule 26(a)(2)(B), even treating experts must be disclosed. Musser v. Gentiva Health Services, 356 F.3d 751, 756-57 (7th Cir. 2004) (citations omitted) ("Thus, *all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A); only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B).").

Nevertheless, despite the fact that the Plaintiff failed to disclose any of these three treating witnesses prior to the deadlines for disclosure of expert witnesses or rebuttal experts, this Court has determined that this testimony by these treating witnesses will be particularly relevant to the pre-trial hearing on Jodi's "legal disability," as this Court understands that these witnesses' testimony will focus on Jodi's brain injuries.  Furthermore, as the date of the trial has been vacated and an actual date for trial appears to be at least a few months in the future, any non-disclosure is harmless in this case, as the Defendants have time to prepare to oppose the treating witnesses prior to trial.  Therefore, Defendants' motion to deny testimony by these treating witnesses is denied.

In summary, this Court emphasizes the wisdom in the parties stipulating to Jodi's lack of memory relating to the accident as a result of brain injuries suffered in the accident.  A determination of whether Jodi suffers from a "legal disability" will require a separate pre-trial hearing with numerous expert witnesses, increasing the costs of litigation for both parties.  As this Court has emphasized in this opinion, from the evidence available to this Court, there does not seem to be a genuine dispute that Jodi suffered serious brain injuries and would not be able to testify regarding the accident.  A stipulation to this effect will be sufficient to explain to the jury in the liability portion of the trial the reason why Jodi will not testify as to the circumstances of the accident.  Furthermore, the only other aspect of Jodi's "legal disability" that seems to be in dispute is the determination's effect on the applicability of the Dead-Man's Act, which this Court has emphasized will not likely apply if the Plaintiff wishes to establish Defendants' negligence.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Substitute Plaintiff (#113) is GRANTED.

(2) Susan Ann Sanders is substituted as Plaintiff in this case, replacing Plaintiff Jodi

Campbell.

(3) Plaintiff's Motion for Leave to File a Reply in Support of her Motion to Bar Defendant Randy H. Gross' Testimony as to the Collision Pursuant to 735 ILCS 5/8-201 (#112) is GRANTED.

(4) Plaintiff's Supplemental Motion to Supplement Plaintiff's Motion for Leave to File a Reply (#114) is GRANTED.

(5) Plaintiff's Motion to Bar Defendant Randy H. Gross' Testimony as to the Collision Pursuant to 735 ILCS 5/8-201 (#86) is RESERVED pending a hearing regarding Jodi Hardwick-Schubert's potential legal disability.

(6) Defendants' Motion to Bar Testimony of Daniel A. Llano, M.D., Ph.D., Joseph Alper, Ph.D. and Heidi White, CNA (#115) is DENIED.

ENTERED this 8th day of September, 2011.

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE