**E-FILED**
Wednesday, 22 February, 2012 08:34:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SUSAN ANN SANDERS, as the Representative of Jodi Hardwick-Schubert, <br><br>Plaintiff, <br><br>v. <br><br>RAP TRUCKING, INC., a Massachusetts corporation, and RANDY H. GROSS, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 09-2256

**OPINION**

This case is before the Court for ruling on the Defendant's Motion for Summary Judgment (#141) on Count II of Plaintiff's Amended Complaint—a claim of negligent hiring, training, and/or supervision against Defendant RAP Trucking, Inc. ("RAP Trucking"). This court has carefully reviewed the arguments of the parties and the documents filed by the parties. Following this careful and thorough review, Defendant's Motion for Summary Judgment (#141) is GRANTED.

**FACTS**[1]

I. COLLISION

On February 10, 2008, at approximately 4:11 am, Defendant Randy H. Gross ("Gross") was operating a semi truck and trailer owned by or leased to Defendant RAP

---

[1] The facts are taken from the parties' statement of undisputed facts and the documents submitted by the parties. This court has only included facts which are adequately supported by evidence in the record and that are material for purposes of summary judgment.

Trucking northbound on Interstate Route 57 near mile post 258 in Ford County, Illinois. At said time and place Plaintiff Jodi Hardwick-Schubert (formerly Jodi Campbell) ("Jodi") was operating her Dodge Caravan minivan northbound on Interstate Route 57. At said time and place, Defendants' semi truck and trailer crashed into the rear end of Jodi's vehicle. There are no known witnesses to the collision itself, with the exception of two drivers, and Jodi has no memory of the collision due to severe injuries she suffered in the collision. Jodi's complaint alleges that the accident was the direct and proximate result of one or more of a combination of various acts or omissions on the part of Gross, including: speeding, failure to reduce speed, failure to keep a proper lookout for other motor vehicles, and other unspecified negligence. The Defendants deny Jodi's allegations of negligence, alleging a variety of affirmative defenses, none of which are relevant to this motion.

There is no dispute that Gross was an employee of RAP Trucking at all relevant times and was operating the semi truck and trailer in the scope of his employment at the time of the collision. After the collision, Gross was not subject to any testing for alcohol or controlled substances. There is, however, no evidence suggesting that Gross was under the influence of alcohol or any controlled substance at the time of the collision.

## II. GROSS' EMPLOYMENT WITH RAP TRUCKING

Gross was hired by RAP Trucking on August 11, 2006. The employment file for Gross did not contain a copy of a pre-employment drug test, which is required by the Federal Motor Carrier Safety ("FMCS") Regulations. The employment file also did not contain any evidence that an employment background check was conducted by RAP Trucking within 30

days of Gross' hire, as required by the FMCS Regulations. Additionally, the file did not contain the required annual transcript of Gross' driving records, which the FMCS Regulations require be obtained each year of continued employment. There is also no evidence that RAP Trucking ever had a supervisory meeting with Gross, including after Gross was convicted of three driving-related issues in late 2007 and early 2008.

### III. GROSS' DRIVING RECORD

Plaintiff has offered no evidence that Gross has ever been involved in an accident besides the collision at issue in this case. Similarly, the Plaintiff has not offered any evidence that Gross had any driving infractions prior to his employment with RAP Trucking. However, during his time with RAP Trucking, there is evidence of three driving-related infractions. First, Gross was convicted in the State of New Jersey for careless driving on November 28, 2007. Second, Gross received an unspecified commercial vehicle violation in the State of New York on December 19, 2007. Finally, Gross was convicted in Pennsylvania for driving too fast for the conditions on January 28, 2008.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial."

Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). Speculation, however, is not the source of a reasonable inference. See Burwell, 213 F. Supp. 2d at 929 (citing Chmiel v. JC Penney Life Ins. Co., 158 F.3d 966, 968 (7th Cir. 1998)).

Therefore, the nonmoving party cannot rest on mere allegations or denials to overcome a motion for summary judgment; "instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004). Specifically, to survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir. 2007), citing Celotex Corp., 477 U.S. at 322-23. "Conclusory allegations not supported by the record are not enough to withstand summary judgment." Basith v. Cook Cnty., 241 F.3d 919, 928 (7th Cir. 2001). Nevertheless, uncorroborated testimony from the non-movant, even if self-serving, can be evidence of disputed material facts and therefore prevent summary judgment, as long as such testimony is based on personal knowledge or firsthand experience. Berry v. Chicago Transit

Auth., 618 F.3d 688, 691 (7th Cir. 2010).

## II.  NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION CLAIM

Under Illinois law, plaintiffs are required to prove each of the following elements to establish a claim for negligent hiring, training, and/or supervision:

> (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury.

Helfers-Beitz v. Degelman, 939 N.E.2d 1087, 1091 (Ill. App. Ct. 2010).  Defendant has advanced two theories which it argues are each independently sufficient for this court to find in its favor on its Motion for Summary Judgment.  First, Defendant argues that Plaintiff's claim, under Illinois law, cannot be argued in the alternative to a claim for respondent superior liability when the employer has admitted that an employee was acting within the scope of his employment.  Second, Defendant argues that summary judgment is appropriate because Plaintiff has offered no evidence that Gross was unfit to drive at the time of the collision or that any particular unfitness proximately caused Jodi's injury.  This court will solely focus on Defendant's second argument, because this court finds that Plaintiff has failed to offer evidence that would satisfy each of the three required elements of the negligent hiring, training, and/or supervision claim.

In her Response (#143), Plaintiff argues she is able to establish the elements of the negligent hiring, training, and/or supervision claim in two different ways.  First, Plaintiff argues that the three driving-related violations Gross received in the months preceding the

5

collision are evidence that Gross was unfit to drive for RAP Trucking at the time of the collision. Second, Plaintiff argues that this court should presume that Gross was unfit to drive at the time of the collision, based on an alleged violation of FMCS Regulations. This court will address each of these arguments in turn.

Plaintiff's evidence is limited on this claim to a report and deposition testimony by Amy Adams. There is no dispute that her report establishes that RAP Trucking was exceptionally poor at complying with FMCS Regulations relating to Gross' hiring and subsequent supervision during his employment with RAP Trucking. Nevertheless, although this court finds RAP Trucking's lack of compliance troubling, this poor compliance does not assist Plaintiff in establishing her case. Plaintiff has failed to offer any evidence that Gross had any particular unfitness which proximately caused the collision, as required to successfully establish her claim. The only evidence of any driving-related issues were three citations received by Gross in late 2007 and early 2008, one which was for careless driving and another which was for driving too fast for conditions. Any potential that these infractions might have in demonstrating unfitness, however, is negated by Plaintiff's own expert, Ms. Adams, who testified in her deposition as follows:

> Q: Are you aware of anything in the driving history of Randy Gross, any information you have on that subject from any source to indicate to you or possibly demonstrate that he was unfit to be driving a truck for RAP Trucking?
>
> A: No.
>
> Q: So even the references you make [in your report regarding Gross' driving infractions] . . . There's a commercial vehicle violation and a couple of convictions, . . . you're not suggesting that that makes him unfit to drive for RAP Trucking, are you?

A: No. Because as long as he didn't get three citations in a year, he could still have a license.

Adams' unequivocal admission that, after reviewing all the evidence available in this case, she was not aware of any unfitness of Gross to drive for RAP Trucking at the time of the incident leaves this court with little option but to determine that Plaintiff is unable to demonstrate that Gross had any particular unfitness that caused the collision. Even if it were a reasonable assumption RAP Trucking should have been aware of the three driving-related infractions, Plaintiff's expert has admitted that these infractions, without more, would not arise to the level of "unfitness" to drive a commercial vehicle. Moreover, even if Plaintiff had any evidence of any particular unfitness, Plaintiff has not offered any evidence, or even advanced any argument, that such unfitness proximately caused the accident.

Plaintiff, however, apparently in an attempt to overcome this lack of evidence, attempts to argue that this court should presume that Gross was under the influence of drugs and alcohol at the time of the collision. Plaintiff argues that RAP Trucking had a duty to test Gross for drugs or alcohol within a certain period of time following the collision, which RAP Trucking did not do. Plaintiff explains that this duty arises from FMCS Regulations subpart 382.303, which the Plaintiff attached to her Response (#143). It is not clear from the facts before this court that RAP Trucking actually had any duty to conduct drug or alcohol tests under the cited FMCS Regulations.[2] However, the Defendants did not file a reply and

---

[2]FMCS Regulation §382.303, titled "Post-accident Testing," requires an employer to test its drivers who are involved in an accident for alcohol and drugs only under specified conditions. In order for the duty to arise, one of two scenarios must occur: (1) the accident must involve the loss of a human life; or (2) the driver must receive a citation within 8 (32 for drug testing) hours of the accident under state or local law for a moving violation arising

therefore are deemed to have admitted each of the additional material facts contained in the Plaintiff's Response (#143), including the statement that RAP Trucking violated FMCS Regulation §382.303. See Local Rule 7.1(D)(3)(a)(5). Therefore, this court will assume that RAP Trucking did have a duty to administer a drug and alcohol test after the collision, which it failed to do.

Even assuming that RAP Trucking violated FMCS Regulations, Plaintiff's argument that this court should presume that Gross was under the influence of drugs and alcohol at the time of the collision is unconvincing. The Seventh Circuit has explained that "a violation of a record retention regulation creates a presumption that the missing record[s] contained evidence adverse to the violator." Park v. City of Chicago, 297 F.3d 606, 615 (7th Cir. 2002). However, the Seventh Circuit has explained that this presumption does not necessarily attach to inadvertent failures to comply with a particular regulation—rather, to draw such an inference, the employer must have failed to comply in bad faith. Id. Plaintiff has failed to offer any evidence that RAP Trucking's failure to test Gross following the accident was done in bad faith. Nevertheless, this court does not need to make a decision on whether an inference is appropriate to rule on this Motion, because an inference that Gross was under the influence of drugs and alcohol at the time of the collision only satisfies the third required element[3] for a claim of negligent hiring, training and/or supervision.

---

from the accident. If neither of these scenarios occur, there is no duty to conduct alcohol or drug testing. In the collision at issue in this case, there were no fatalities and there is no statement indicating that Gross received a citation relating to the accident.

[3]A particular unfitness must have proximately caused the plaintiff's injury.

Plaintiff is also required to offer evidence which would satisfy the other two required elements. Specifically, assuming that Gross' unfitness was a tendency to drive while under the influence of drugs or alcohol, there must also be sufficient evidence to establish the following: (1) that RAP Trucking knew or should have known that Gross had a tendency to drive while under the influence of drugs or alcohol (which obviously creates a danger of harm to third parties); and (2) that Gross' tendency to drive while under the influence of drugs or alcohol was known or should have been known at the time of the employee's hiring or retention. Plaintiff has not offered any facts that would satisfy either of these elements.[4] Therefore, Plaintiff has failed to offer sufficient evidence to satisfy each of the required elements to establish a claim for negligent hiring, training and/or supervision.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Summary Judgment (#141) on Count II of Plaintiff's Amended Complaint is GRANTED.

ENTERED this 22nd day of February, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[4] Such evidence could have included prior convictions for driving while under the influence of alcohol or drugs or prior drug convictions. No such evidence apparently was discovered by the Plaintiff, or at least was not offered in any filing with this court.